OPINION
{¶ 1} Defendant-appellant The Ohio Casualty Insurance Co. ("Ohio Casualty") appeals the December 12, 2002 Judgment Entry of the Licking County Court of Common Pleas, which found defendant/third-party plaintiff-appellee David Gedeon ("Gedeon") was acting in the business affairs of his employer, defendant/third-party plaintiff-appellant GW Construction Co. ("GW Construction") when Gedeon was involved in an automobile accident, and, as such, concluded Ohio Casualty was required to defend Gedeon and provide him with liability coverage. GW Construction appeals from the same entry. Additional appellees are The Personal Service Insurance Co. ("Personal Service"), John 
Gayla Wolery, et al., and appellee/cross-appellant Nationwide Property Casualty Ins. Co. ("Nationwide").[1]
 STATEMENT OF THE FACTS AND CASE {¶ 2} On September 26, 2000, Judith Knight and Joshua Farley were involved in a two vehicle accident on U.S. 40 in Etna Township, Licking County, Ohio. John Wolery was traveling on U.S. 40 on the morning of September 26, 2000, when he happened upon the accident. Wolery parked his vehicle in a travel lane of the roadway. He exited his vehicle and approached Knight in order provide aide and assistance to her. While Wolery was on the median, Gedeon operated his vehicle in such a manner as to strike Wolery.
 {¶ 3} On January 30, 2001, the Wolerys filed a complaint in the Licking County Court of Common Pleas, in Case No. 01CV0076. The Wolerys named Gedeon, Nationwide, Personal Service, and other insurance companies not relative to the instant appeal, as defendants. The Wolerys sought UIM benefits from Nationwide and Personal Service.
 {¶ 4} Gedeon filed a timely answer and third-party complaint, naming Knight and Farley as third-party defendants. Nationwide likewise filed a third-party complaint against Knight and Farley.
 {¶ 5} On April 26, 2002, Gedeon and GW Construction filed a complaint in the Licking County Court of Common Pleas, in Case No. 02CV0458. The complaint sought declaratory judgment against Ohio Casualty, which issued two policies of liability insurance to GW Construction. The remaining parties in Case No. 01CV0076 were made defendants in the declaratory judgment action as to bind them to any declaration of the trial court. The trial court consolidated the two cases, but bifurcated the matters for trial.
 {¶ 6} On August 30, 2002, the trial court conducted an oral hearing upon the declaratory judgment action to determine whether Gedeon was acting within the business affairs of GW Construction at the time of the accident on September 26, 2000, thus requiring Ohio Casualty to defend Gedeon and provide him with liability coverage. Gedeon was the sole witness to testify at the hearing. Gedeon, GW Construction, and Ohio Casualty filed stipulations of facts on September 12, 2002, and post-trial briefs on September 13, 2002. Via Judgment Entry filed September 17, 2002, the trial court found Gedeon was an employee of GW Construction, and was acting within the course and scope of his employment and acting within the business affairs of GW Construction at the time of the accident. The trial court concluded Ohio Casualty was required to defend Gedeon and provide liability coverage under the business and umbrella policies it to GW Construction. Upon the parties' request, the trial court filed its December 12, 2002 Judgment Entry entering findings of fact and conclusions of law to supplement its September 17, 2002 Judgment Entry.
 {¶ 7} It is from this judgment entry Ohio Casualty appeals, raising as its sole assignment of error:
 {¶ 8} "I. THE TRIAL COURT ERRED IN DECLARING THAT DAVID GEDEON WAS ACTING IN THE COURSE AND SCOPE OF HIS EMPLOYMENT OR ACTING IN THE BUSINESS AFFAIRS OF GW CONSTRUCTION COMPANY, INC. AT THE TIME OF THE ACCIDENT AND THEREBY ENTITLED TO AUTOMOBILE LIABILITY COVERAGE UNDER AN INSURANCE POLICY ISSUED BY OHIO CASUALTY INSURANCE COMPANY TO GW CONSTRUCTION COMPANY, INC."
 {¶ 9} GW Construction also appeals the December 12, 2002 Judgment Entry, assigning as error:
 {¶ 10} "I. THE TRIAL COURT ERRED IN FINDING THAT DAVID GEDEON WAS ACTING IN THE COURSE AND SCOPE OF HIS EMPLOYMENT WITH GW CONSTRUCTION COMPANY, INC. AT THE TIME OF THE ACCIDENT."
 Ohio Casualty GW Construction Assignments I {¶ 11} Ohio Casualty and GW Construction both challenge the trial court's finding Gedeon was acting within the course and scope of his employment and within the business affairs of GW Construction at the time of the accident on September 26, 2000.
 {¶ 12} The issue before the trial court was whether Gedeon was within the business affairs of GW Construction so as to be an "insured" under the policy. The trial court found the policy term "in your business * * * affairs" to be ambiguous as the policy did not provide a specific definition for the term, and as there is no common, ordinary meaning which can be attributed thereto. See Dec. 12, 2002 Judgment Entry at 11. We agree. Having determined an ambiguity exists, that ambiguity must be resolved in favor of the insured.
 {¶ 13} Having found the term ambiguous, the trial court applied the facts surrounding Gedeon's situation to Ohio Casualty's policy terms to resolve the matter. Upon review, the trial court's resolutions is entitled to the deferential manifest weight of the evidence standard. The trial court found the following.
 {¶ 14} GW Construction, which was incorporated in 1975, performed subcontracting iron work in the commercial building business. On September 26, 2000, Gedeon was employed as vice president of GW Construction, and also served as one of the business' partners and stockholders. As vice president, Gedeon had responsibilities both in the office and in the field. The office duties were performed at GW Construction's office located at 11819 National Road, Pataskala, Ohio; the field duties were performed at the various temporary job sites. The 11819 National Road address also served as Gedeon's personal residence. Gedeon had been living at the location for approximately six years, after his separation from his wife. Gedeon received personal mail and packages, as well as personal telephone calls at the address. Gedeon's personal use of the location was kept separate from the corporation's use of the facility.
 {¶ 15} On a typical morning, Gedeon checked the office for any messages, gathered any necessary equipment, and traveled to the job site. On the morning of the accident, Gedeon drove his own vehicle to the job site rather than the company van he typically drove. The only equipment Gedeon needed that day was his tool belt, which he transferred from the van into his vehicle. Gedeon left the office to travel to the Franklin County Mental Retardation Board of Development, which was the site of GW Construction's current project. Gedeon intended to stop and pick up something to eat on route to the job site. The convenience store at which he intended to stop was on the way to the job site.
 {¶ 16} We find the aforementioned facts provide sufficient evidence from which the trial court could determine Gedeon was in the business affairs of the GW Construction at the time of the accident, and such finding is not against the manifest weight of the evidence.
 {¶ 17} Ohio Casualty and GW Construction's assignments of error are overruled.
 {¶ 18} The judgment of the Licking County Court of Common Pleas is affirmed.
By: Hoffman, P.J., Edwards, J., and Boggins, J. concur.
[1] Nationwide's cross-appellant and appellee's brief raises 10 assignments of error. Upon our review of the 10 assignments of error, nos. 2-10 all offer reasons to affirm the trial court's decision. Having overruled Ohio Casualty's and GW Construction's assignments of error, we find it unnecessary to address Nationwide's assignments of error nos. 2-10. Nationwide's first assignment of error challenges this Court's jurisdiction because of the lack of a final appealable order. Because this case involves, in part, a declaratory judgment action and the trial court included Civ.R. 54(B) language, we find we do have jurisdiction.